**N. L. CANNADY CO. et al. v. BALCH et al.**

No. 22742. Opinion Filed April 12, 1932.

Clayton B. Pierce, A. J. Follens, and Fred M. Mock, for petitioners.

Frank Leslie, for respondents.

CLARK, V. C. J. This is an ·original action in this court by petitioners to review an award of the State Industrial Commission in favor of Dave Balch, respondent, made and entered on the 21st day of July, 1931, wherein the Industrial Commission found that respondent, Dave Balch, on and prior to July 14, 1930, was in the employment of H. L. Cannady Company, one of the petitioners herein, and was engaged in a hazardous occupation covered by and subject to the provisions of the Workmen's Compensation Laws (Comp. Stat. 1921, sec. 7282, et seq., as amended), and that on said date sustained an accidental personal injury, arising out of and in the course of his employment; the result of which he was and is temporarily totally disabled from performing ordinary manual labor; and found that the average wage of respondent herein at the time of said accident was $3.20 per day, and found that respondent herein is entitled to compensation at the rate of $12.31 per week, from the date of the accidental injury, less the five-day waiting period, until otherwise ordered by the Commission. Ordered payment of compensation as of the date of discontinuance of same, and continuance thereof at the rate of $12.31 per week until otherwise ordered by the Commission for the temporary total disability.

The record discloses that the ·award herein was made by the Commission after a hearing was had before the Commission upon the motion of petitioners to suspend payment of compensation. The motion alleged that the respondent was injured on or about the 14th day of July, 1930, while in the employ of the petitioners herein, and that the respondent herein had, on March 28, 1931, fully recovered from any disability due to the accident; and further alleged that the respondent had been paid compensation at the rate of $12.31 per week, up to and including March 28, 1931,. and prayed that an order be entered suspending further payment of compensation, and they be relieved of all further liability by reason of said accident.

The petitioners present their specifications of error under one proposition, to wit:

"Incapacity or disability cannot be found

to be total where it appears that the claimant's earning power is not wholly destroyed and that he is still capable of performing remunerative employment."

The respondent testified that, on the 14th day of July, 1930, while in the employ of petitioner, H. L. Cannady Company, doing concrete work, shoveling concrete down in a ditch in a stooped position, sustained an accidental injury to his back and hip. That the accident was reported to his foreman, medical attention was furnished to him, and that he was in bed at home for seven days under the treatment of a doctor; that he then went to the doctor's office for treatment for five or six weeks. That he was then given treatment in the way of electrical baths and Swedish baths for about two weeks; and that he was then sent to the hospital where he remained for six weeks where his back and leg were treated. That he is still disabled by reason of the injury. That his left leg and hip hurts, burns and pains him, and that his back bothers him some. That he has to walk with the leg stiff and walk on his heel to keep from paining him. That he cannot bend the leg without great pain. That he is unable to do any kind of work.

There is medical evidence in the record that the condition of the respondent is due to the injury. That the respondent herein is totally disabled from performing hard labor, common labor or heavy work, but that there might be some light work that he could do where same did not require him to walk or be on his feet so much, where he had a job sitting down and where he did not have to run on a schedule exactly. The record further discloses that prior to the injury respondent herein earned his living by manual labor.

The question whether or not the respondent herein was temporarily totally disabled by reason of the accident from the date of the accident until the hearing had herein, and was still temporarily totally disabled by reason of the accident at the time of said hearing, was a question of fact to be passed upon by the Commission, which found against the contention of petitioners, and where there is any competent evidence reasonably tending to support the award and findings of the Commission the same will not be disturbed on review.

We are of the opinion that there is competent evidence supporting the award made herein.

Judgment and award of the Industrial Commission is affirmed.

LESTER, C. J., and HEFNER, CULLISON, ANDREWS, and KORNEGAY, JJ., concur. RILEY, SWINDALL, and McNEILL, JJ., absent.